```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

DURAN IRVING,                        )
            Plaintiff,               )
                                     )
       v.                            )   C.A. No. 04-12504-NMG
                                     )
GOVERNOR MITT ROMNEY, et al.,        )
            Defendants.              )
```

MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

BACKGROUND

On November 9, 2004, plaintiff filed a civil rights complaint accompanied by an Application to Proceed Without Prepayment of Fees. At the time of filing the complaint, plaintiff was incarcerated at the Plymouth County House of Correction.

By Order dated December 2, 2004, the Court denied plaintiff's Application to Proceed Without Prepayment of Fees without prejudice to refiling a new Application accompanied by a copy of his prison account statement. See 12/2/04 Order, Docket No. 3. On December 10, 2004,the Order was returned to the Court by the postal service as undeliverable.

DISCUSSION

In an effort to confirm plaintiff's current address, a clerk of this Court contacted the Records Department at the

Plymouth County House of Correction and was informed that Mr. Irving has not been there since November 2004.

Plaintiff was apparently released and has failed to inform the Court of his new address as required under this Court's local rules.  See District of Massachusetts Local Rule 83.5.2(e).  Local Rule 83.5.2(e) requires a party appearing pro se to notify the clerk of any change of address and provides that any party appearing pro se that has not filed an appearance or provided a current address "shall not be entitled to notice."

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a claim "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  The fact that plaintiff has not kept the Court advised of his current address suggests that he may have lost interest in pursuing the claims asserted in his complaint.  The Court is not required to delay disposition in this case until such time as plaintiff decides to comply with the requirement of providing his current address.

Accordingly, this action is subject to dismissal for want of prosecution pursuant to Rule 41(b).

ORDER

2

Based upon the foregoing, it is hereby ORDERED that this action is dismissed without prejudice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  A copy of this Order will be mailed to plaintiff at the address shown on the docket sheet and on his pleadings.
SO ORDERED.

Dated at Boston, Massachusetts, this <u>4th</u> day of <u>April</u>, 2005.

<u>/s/ Nathaniel M. Gorton</u>
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE